**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| VITO LOMANGO AND MARIE MIDOLO | : | |
| <u>DEBTORS</u> | : | CASE NO. 03-40276-JBR |
| VITO LOMANGO AND MARIE MIDOLO., | : | |
| PLAINTIFFS, | : | |
| v. | : | AP. NO. 04-4423 |
| SALOMON BROTHERS REALTY CORP. | : | |
| DEFENDANT. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on the Defendant's Motion for Summary Judgment and supporting documentation, including the affidavit of Chomie Neil, a senior loan analyst for Ocwen Federal Bank FSB ("Ocwen"), the loan servicer for Salomon Brothers Realty Corp. ("Salomon").  In its motion, Salomon seeks dismissal of the Plaintiffs' eight count complaint in which the Plaintiffs demand unspecified damages and attorneys' fees arising out of Salomon Brothers' foreclosure of the Plaintiffs' property located in Lawrence, Massachusetts (the "Property"). The Plaintiffs oppose the motion but have not proffered any affidavits.

**FACTS**

The facts are essentially undisputed.[1]  The Debtors, who are the Plaintiffs in this action,

---

[1] The one potentially material fact where the Debtors differ is in their alleged understanding of the effect of the forbearance agreements.  They did not submit any affidavit as to their understanding or intent.  Moreover, the forbearance agreements are governed by HUD

acquired the Property in 1990 and state that, at that time, they gave note in the principal amount of $115,000[2] and a mortgage on the Property to University Bank. The note and mortgage were assigned several times until they were assigned to the Department of Housing and Urban Development ("HUD") in 1993. HUD then assigned the note and mortgage to Salomon in 1996. Ocwen was the loan servicer for Salomon. Under the terms of the assignment to Salomon, the note is to be serviced according to HUD requirements.

During the three year period when HUD held the note and mortgage, the Debtors and HUD entered into a series of foreclosure agreements pursuant to a HUD program. Salomon also entered into forbearance agreements with the Plaintiffs. The Debtors were still unable to meet their payment obligations and in 2001 the Debtors filed a Chapter 7 proceeding and received a discharge. In the 2001 Chapter 7 case, the Debtors filed a Schedule D that indicated that Salomon was oversecured with respect to the Property. By May 2002 the Debtors were still in default; the loan was accelerated and a foreclosure sale scheduled. The foreclosure sale was postponed first because the City of Lawrence filed a receivership action[3] and subsequently when the Debtors filed their first Chapter 13 case on July 31, 2002. That case was dismissed in November 2002.

After the first Chapter 13 case was dismissed, Salomon scheduled a foreclosure sale but the Debtors filed their current Chapter 13 case on January 16, 2003. The Court dismissed the case in March 2003 and the Debtors failed to obtain a stay of the order of dismissal or an

---

regulations or guidelines.

[2] According to Salomon's Memorandum, the original amount of the note was $113,860.

[3] The state court appointed a receiver.

injunction against the foreclosure sale which was held on May 29, 2003.[4]  Although the case was subsequently reinstated, this Court, the Bankruptcy Appellate Panel, and the First Circuit all held that selling the Property at foreclosure did not violate the automatic stay.  A year after the foreclosure sale, the Property was resold at a profit.

The state court receiver commenced a state court action against the Debtors and Salomon in 2002 to determine the amount and priority of his lien.  On May 27, 2002 the Debtors filed a cross-claim against Salomon..  As described in paragraph 30 of Salomon's Statement of Undisputed Facts, the counts in the state court action seem to be the same as the ones in this adversary proceeding.  Neither party has furnished the Court with any further information regarding the state court proceeding other than to agree that the Debtors were unsuccessful in their attempt to have the state court enjoin the foreclosure sale.

This dispute centers around the assessment, capitalization, and securitization of the arrears under the various forbearance agreements.  Salomon states that under the HUD program, the arrears and all interest thereon is capitalized and securitized by the mortgage.  The arrears are then due at the end of the note period.  The Plaintiffs do not disagree but argue that Salomon filed a fraudulent proof of claim in March 2003 apparently because they believe that the additional securitized amount should not have been included in the arrears but added to the amount due at the end of the note.  Yet the Plaintiffs do not dispute that the note was accelerated.  When the note was accelerated, all amounts became due.

---

[4]The actual mortgagee at that time appears to be still be Salomon who sold the Property at foreclosure to LaSalle Bank National Association.  The Debtor argues that to the extent the note and mortgage were assigned to LaSalle, Salomon and LaSalle are one and the same.

3

**DISCUSSION**

Summary judgment is appropriate if the material facts are not in dispute and a party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056 incorporating Fed. R. Civ. P. 56. To establish a dispute of an issue of fact, the party opposing summary judgment must do more than simply deny the moving party's statement of the facts. Fed. R. Civ. P. 56(e). Likewise, factual disputes that are irrelevant or unnecessary are insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248, 106 S.Ct. 2505 (1986).

In the instant case, the Plaintiffs have failed to provide any evidence of a disputed issue of material fact. Moreover, the Plaintiffs admit the central fact, namely that Salomon was entitled to add the arrears to the note under HUD guidelines.[5] They argue instead that the interest is not due until the end of the note term. They fail to deal with the undisputed fact that the note had been accelerated and thus the full amount of the note, including the interest was due and owing at the time Salomon filed its proof of claim. The Plaintiffs have failed to properly dispute that there was anything improper about Salomon's actions. As this is the basis for most, if not all, of the counts alleged, Salomon is entitled to summary judgment.

Moreover, to the extent the Plaintiffs allege that the proof of claim is fraudulent or misleading because Salomon failed to provide evidence of its accuracy, the argument is rejected. After correctly reciting the law regarding the prima facie validity of a properly filed claim, and

---

[5] To the extent that complaint alleges and the Plaintiffs' counsel argued as an alternative grounds for denying summary judgment that the Plaintiffs understood that the arrearage was being waived under the various forbearance agreements, the argument is rejected. The Plaintiffs have not submitted any evidence of this understanding, not even their own affidavits. Thus they are left with mere denials that the interest could be added to the note.

4

noting that they need to provide "substantial evidence" to support their objection to the claim, the Plaintiffs leap directly to the conclusion that Salomon failed to provide evidence as to the accuracy of the proof of claim--despite the attachment to the claim and Neil's affidavit regarding the calculation of the loan amount.

Similarly in a count for wrongful foreclosure, the Plaintiffs allege that Lomango was not in default of the mortgage "when Salomon first commenced foreclosure" but even if he were, Salomon acted in bad faith because it caused the default. The basis for this argument, at least as set forth in the opposition, seems to be that Salomon filed a proof of claim that breached the mortgage contract by "unilaterally undoing the securitization of the interest arrears, which ... were to be added to the end of the loan and were not required to be paid through a Chapter 13 plan." This argument does not deal with the fact that the loan had been accelerated and therefore everything, including the interest arrears, was due. Because the alleged wrongful foreclosure is the basis for the claim grounded in MGL Chapter 93A, that count fails as well.

Similarly the count for emotional distress fails. The Plaintiffs offer no evidence of their emotional distress but more importantly, this claim also rests upon Salomon's allegedly wrongful action in filing the proof of claim and conducting the foreclosure, allegations which do not rise to a level sufficient to defeat the summary judgment motion.

The alleged violation of the Real Estate Settlement Procedures Act (RESPA) is nothing more than an effort to use RESPA to resolve their objection to the proof of claim and thus is preempted. *In re Nosek*, 354 B.R. 331, 339 (D. Mass. 2006). Similarly the complaint alleges that the Debtors state they never got an accounting they could understand. It is unclear whether they did or attempted to do any discovery on this issue but they have not offered anything

beyond this allegation in the complaint.

**CONCLUSION**

 For the reasons set forth herein, the Motion for Summary Judgment is GRANTED.

 A separate order will issue.

Dated: May 25, 2007          _____
                   Joel B. Rosenthal
                   United States Bankruptcy Judge